## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**JANE DOE 1**
c/o Leeseberg Tuttle
175 South Third Street, Penthouse One
Columbus, Ohio 43215

      Plaintiff,

   vs.

**GALLIA COUNTY LOCAL SCHOOLS
BOARD OF EDUCATION**
4836 State Route 325
Patriot, Ohio 45658

and

**JAMES MICHAEL JACOBS, Individually
and as former Principal of River Valley
High School**
413 Buckthorne Drive
Lexington, South Carolina 29072

and

**OTHO EDWARD MOORE, Individually
and as former Administrator and/or
Acting Principal of River Valley High
School**
2600 Addison Pike
Gallipolis, Ohio 45631

and

**MICHAL PAIGE HUCK, Individually and
as former Teacher and Cheerleading
Coach at River Valley High School**
42B Hawthorne Lane
Bidwell, Ohio 45614

and

**MATTHEW HUCK, Individually and as
Teacher and Wrestling Coach at River
Valley High School**
1789 Addison Pike

Case No: 2:24-cv-_____

District Judge_____

**COMPLAINT AND JURY DEMAND**

Gallipolis, Ohio 45631

Defendants.

## INTRODUCTION

This Complaint arises from the sexual abuse of Plaintiff Jane Doe 1 when she was a minor student in the Gallia County Local School District, by Defendant Matthew Huck ("Coach Huck") and Defendant Michal Paige Huck ("Paige Huck"), who were married at the time. This Complaint also arises from the deliberate indifference to known abuse and abject failure of Gallia County Local School District employees, including Defendants James Michael Jacobs, and Otho Edward Moore (collectively "Administrators") and the Defendant Gallia County Local Schools Board of Education (the "BOE") to properly investigate and report the abuse to law enforcement and/or Children's Services, and to take steps to prevent continued abuse of its students, including Plaintiff herein.

In 2004, Plaintiff was sexually assaulted by Coach Huck. This abuse occurred when Plaintiff was a 16-year-old high school cheerleader. The abuse took place with the assistance and knowledge of his then-wife, Paige Huck. At all relevant periods of time, both Paige Huck and Coach Huck were employees of River Valley High School ("RVHS"). Paige Huck served as a substitute teacher and cheerleading coach and Coach Huck served as a teacher and wrestling coach. This sexual abuse occurred in the Hucks' home.

Importantly, Plaintiff was not the only student at RVHS who was sexually abused by the Hucks', as will be detailed herein. In fact, Paige Huck sexually abused RVHS students for nearly two decades with the assistance of, and facilitation by, Coach Huck. The BOE and the Administrators had actual and constructive knowledge of the Hucks' history of sexual misconduct with students and the risk they posed. Yet despite such knowledge, they intentionally and/or recklessly allowed and condoned their presence on campus and their interactions with

students, creating an environment in which such sexual abuse could and did occur to Plaintiff and several others.

## JURISDICTION AND VENUE

1.     This Court has exclusive subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 insofar as this Complaint raises issues under Title IX of the Education Amendments of 1972, 20 U.S.C. §1681(a) *et. seq.*, as well as the Fourth and Fourteenth Amendments of the United States Constitution.

2.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because the state law claims asserted by Plaintiff form part of the same case or controversy as the constitutional and federal claims.

3.     Venue is proper in the Southern District of Ohio, Eastern Division, under 18 U.S.C. §1965 and 28 U.S.C. §1391(c), as the claims arise in this district and nearly all Defendants reside or maintain a principal place of business within the district.

4.     In this civil action, it is alleged that, as a result of an omission or failure to adhere to an official policy or custom attributable to the BOE, Plaintiff suffered an invasion of her rights to bodily integrity, which are protected by the Fourth and Fourteenth Amendments to the U.S. Constitution. Plaintiff suffered deprivation of these rights in 2004.

5.     Despite reports made to RVHS personnel, including but not limited to the Administrators, all of whom were authorized officials of the BOE, the aforementioned conduct was not investigated or reported to the Title IX coordinator, the Gallia County Sheriff's Department, or Gallia County Jobs and Family Services. This omission or failure to act constitutes deliberate indifference to the rights and wellbeing of Plaintiff and other students. The deprivation of Plaintiff's constitutionally protected rights is actionable under 42 U.S.C. §1983. The deliberate indifference of school officials constitutes a state-created danger actionable under 42 U.S.C. §1983.

6.     In this civil action, it is further alleged that Defendants violated Title IX of the Education Amendments of 1972, 20 U.S.C. §1681(a) *et. seq.* as Plaintiff suffered sexual abuse that was so severe, pervasive, and objectively offensive that it effectively denied Plaintiff equal access to education. Defendants had actual knowledge of abuse of other students and their deficient response to these allegations amounted to deliberate indifference.

7.     All of Plaintiff's claims alleged herein are connected to and stem from childhood sexual abuse as defined by Ohio Rev. Code §2305.111 and are therefore properly asserted in this complaint.

### PARTIES

8.     PLAINTIFF JANE DOE 1 was enrolled as a minor student in the Gallia County Local School District during the time of the alleged sexual abuse and deliberate indifference of school personnel. Plaintiff was a resident of Gallia County for all relevant periods of time herein. Plaintiff's date of birth is December 31, 1987, making her 36 years of age at the time of filing this Complaint.

9.     DEFENDANT GALLIA COUNTY LOCAL SCHOOL DISTRICT BOARD OF EDUCATION ("BOE") is a political subdivision of the state of Ohio with its administrative office and principal place of business located at 4836 State Route 325, Patriot, Ohio 45658 in Gallia County. The BOE receives, and at all relevant times received, federal and state funding for the provision of public education and is therefore subject to Title IX of the Educational Amendments of 1972, 20 U.S.C. §1681(a) *et. seq.*

10.     DEFENDANT JAMES MICHAEL JACOBS ("Principal Jacobs") was Principal at RVHS during the BOE's employment of Defendants Michal Paige Huck and Matthew Huck.

11.     DEFENDANT OTHO EDWARD MOORE ("Principal Moore") was an Administrator, Acting Principal and/or Assistant Principal at RVHS during the BOE's employment of Defendants Michal Paige Huck and Matthew Huck.

12.     DEFENDANT MICHAL PAIGE HUCK ("Paige Huck") was the spouse of Defendant Matthew Huck and resident of Gallia County for all relevant periods of time herein. She is a former substitute teacher and cheerleading coach at RVHS. She is now the ex-wife of Coach Huck.

13.     DEFENDANT MATTHEW HUCK ("Coach Huck") was for all relevant periods of time the vocational agriculture teacher and head wrestling coach at RVHS. Coach Huck was a resident of Gallia County for all relevant periods of time herein.

14.     The BOE, by virtue of the acts and/or omissions the Administrators, and employee Coach Huck, had actual and constructive notice, and was deliberately indifferent to the sexual abuse of RVHS students.

15.     Any and all acts or omissions alleged herein are attributable to the BOE and its staff, faculty, and/or administrators. Such acts or omissions were done in the scope of employment. All acts or omissions alleged herein are attributable to the BOE as RVHS is a school under the control of BOE.

16.     During school hours in which alleged abuse occurred, BOE had custody, control, supervision, care, and authority over Plaintiff as a minor student at RVHS.

17.     The Administrators and the BOE demonstrated deliberate indifference in their failure to follow BOE policy to investigate or report allegations and complaints about the Hucks' sexual misconduct with numerous students despite rumors, indications, evidence, actual complaints, and written and oral reprimands about such conduct over the course of nearly two decades.

18.     The failure of the Administrators and the BOE to investigate, prevent, and report allegations of sexual abuse and harassment by Coach Huck and Paige Huck despite knowledge of prior improper conduct constitutes a state-created danger and deliberate indifference to known sexual harassment and abuse.

## FACTUAL ALLEGATIONS

### Matthew and Paige Huck's History

19.     Paige Huck was hired by RVHS as the freshman cheerleading advisor in 1999. She continued in various positions, including, but not limited to, assistant track coach, junior varsity cheerleading coach, varsity cheerleading coach, and substitute teacher at RVHS until 2008.

20.     Matthew Huck was hired by RVHS as the head wrestling coach and vocational agriculture teacher. He continued in these positions into the start of the 2023-2024 academic year.

21.     As early as 2001, even prior to her marriage to Coach Huck, Paige Huck engaged in inappropriate sexual activity with RVHS students, including members of the track team.

22.     At all relevant times herein, Matthew and Paige Huck were married to each other. However, they divorced on or about January 14, 2020, well after Plaintiff graduated.

### Defendants' History of Ignoring the Hucks' Inappropriate Behavior

23.     Both Coach Huck's and Paige Huck's inappropriate behavior continued after they began a romantic relationship. For example, during the early part of the 2001-2002 wrestling season, Paige Huck would frequently be in the boys' locker room after wrestling practice.

24.     A concerned parent of a wrestler reported this inappropriate behavior (Paige Huck being in the boys' locker room) to the athletic director of RVHS at the time. On information and belief, the athletic director promptly informed Coach Huck and Paige Huck that Paige Huck was not to be in the boys' locker room, especially while the wrestlers were changing. Regardless, the behavior continued.

25.     This report to the athletic director is not noted in the personnel files of Paige Huck or Coach Huck.

26.     In January of 2003, wrestlers from 7th through 12th grade attended a wrestling tournament in West Virginia, called the WSAZ Invitational. The team traveled to the event on two school buses, with both Coach Huck and Paige Huck attending this overnight trip.

27.     At the hotel where the team was staying in Barboursville, West Virginia, one of the bus drivers witnessed numerous male wrestlers in the hotel room with Coach Huck and Paige Huck, engaging in inappropriate contact and behavior.

28.     The next morning, at least one of the wrestlers told the bus driver that the boys watched pornography with the Hucks in their hotel room.

29.     The following Monday, after completing his bus route, the bus driver spoke with Principal Jacobs at RVHS, and reported the inappropriate behavior he witnessed and heard about from the wrestler.

30.     On information and belief, Principal Jacobs did nothing with this information. This report from the bus driver, an employee of the BOE at the time, is not noted in either the personnel files of Paige Huck or Coach Huck.

31.     After Coach Huck and Paige Huck began living together, they would frequently host parties, sleepovers, and "lock ins" at their private residence, which typically included members of the cheerleading squad, football team, wrestling team, and/or FFA organization.

32.     In November of 2004, the Hucks hosted a "lock in" for the RVHS cheerleaders and wrestlers at their private residence.

33.     At this "lock in", the Hucks played pornography for the students on the television in the living room.

34.     In addition, Paige Huck engaged in sexual intercourse with *numerous* male students. Male students stood in a line and took turns having sex with Paige Huck in the bedroom, while Coach Huck stood next to them and watched the sexual activity.

35.    Three cheerleaders who witnessed the above-described events, immediately reported what they saw to Principal Jacobs on the next school day. They specifically told him about the pornography, Paige Huck having sex with students, and Coach Huck watching all of this. Principal Jacobs simply said he would "look into it."

36.    These cheerleaders were never contacted again regarding what they reported to Principal Jacobs.

37.    No investigation or report of Coach Huck and Paige Huck's misconduct was performed by Defendant BOE or its employees, in violation of Title IX of the Educational Amendments of 1972, 20 U.S.C. §1681(a) et. seq., Ohio Revised Code §2151.421, as well as BOE policy.

38.    Following this report to Principal Jacobs, the cheerleaders were harassed by multiple RVHS staff members, including Paige Huck, prompting one to quit cheerleading altogether. This fact indicates that Principal Jacobs failed to protect the identity of the witnesses who reported the inappropriate behavior, subjecting them to harassment, and discouraging any future witnesses from being honest and forthright about what they saw the Hucks doing with students.

39.    The report to Principal Jacobs is not even noted in the personnel files of Paige Huck or Coach Huck.

### Sexual Abuse of Plaintiff

40.    In 2004, the Hucks hosted a gathering at their home, where minor students engaged in drinking alcohol and smoking. There were many wrestlers and football players present, in addition to the cheerleaders, most of whom were juniors and seniors.

41.    **Plaintiff Jane Doe 1** – then a 16-year-old student at RVHS – attended this gathering at Huck's home, as she was on the cheerleading squad. During the gathering, **Plaintiff** was laying on the floor when Paige Huck and Coach Huck came and laid beside her. Coach

Huck put his hand down the shirt of **Plaintiff**, and she froze up and pretended to be asleep. Paige Huck then asked Coach Huck, "is she asleep?" Coach Huck proceeded to put his hand down the pants of **Plaintiff** and began touching her vagina. **Plaintiff** continued to pretend to be asleep, but then got up from the encounter, crying, and headed to the bathroom.

42.     **Plaintiff** asked a friend to take her home. During the drive, the friend told **Plaintiff** that the same type of assault happened to her, at the hands of the Hucks.

43.     **Plaintiff** went to see the guidance counselor at RVHS to report that Coach Huck had touched her. The Assistant Principal at the time, Principal Moore, overheard what **Plaintiff** reported about Coach Huck. Principal Moore then intervened, grabbing **Plaintiff** by the shoulders and said, "we can talk about this later."

44.     **Plaintiff** was never approached by anyone, including Principal Moore, to further discuss this report of sexual assault.

45.     **Plaintiff** later learned from younger students that Coach Huck was bragging about his assault of **Plaintiff**.

46.     Defendants took no action to investigate or report the complaint made by **Plaintiff.**

### Continued Abuse of RVHS Students

47.     No investigation or report of Coach Huck and Paige Huck's misconduct was performed by Defendant BOE or its employees, in violation of Title IX of the Educational Amendments of 1972, 20 U.S.C. §1681(a) et. seq., Ohio Revised Code §2151.421, as well as BOE policy.

48.     Upon information and belief, Paige Huck's prior and subsequent misconduct was resolved in a private agreement between her and the prior RVHS administration, the terms of which resulted in her resignation and a supposed prohibition from her entering the RVHS campus.

49.     Despite knowledge of Paige Huck's inappropriate actions with students, including with students who were abused prior to Plaintiff, RVHS administrators did not enforce their prohibition on Paige Huck entering RVHS school grounds. On the contrary, Paige Huck continued interacting with students on RVHS grounds with the constructive and actual knowledge of RVHS administration and the BOE. Consequently, Paige Huck was given free rein to prey upon, groom, and ultimately have sexual contact with additional RVHS students from 2007 through 2019. This includes, but is likely not limited to, **Victim B, Victim C, Victim D, Victim E and Victim F.**[1] In addition, despite knowledge of Coach Huck's inappropriate actions with students, Coach Huck remained employed with the district into the 2023-2024 academic year.

### BOE Failures

50. The BOE published, in relevant part, the following Title IX Policy in its handbook:

   a. "The Board has created informal and formal discrimination and harassment grievance procedures, providing for a prompt and equitable investigation and resolution of complaints of sex discrimination, including sexual misconduct."

   b. "District employees are required to report these incidents to the Title IX Coordinator upon becoming aware of an incident, and failure to do so may result in disciplinary action."

   c. **Definition of Sexual Harassment**: Unwelcome sexual advances, requests for sexual favors or other verbal, nonverbal, or physical conduct of a sexual nature may constitute sexual harassment when…
      i. such conduct is sufficiently severe, persistent, or pervasive and has the purpose or effect of unreasonably interfering with an individual's work or educational performance by creating an intimidating, hostile or abusive environment, or by interfering with one's ability to participate in or benefit from a class or educational program or activity.

   d. "**Sexual harassment** includes gender-based harassment, which refers to unwelcome conduct based on an individual's actual or perceived sex… Examples of sexual harassment-type conduct may include, but are not limited to, unwanted

___

[1] Victim B (aka John Doe 5), Victim C (aka John Doe 4), Victim D (aka John Doe 3), Victim E (aka John Doe 2), and Victim F (aka John Doe 1) have also filed complaints with this Court. John Doe 5 filed on January 9, 2024, in Case No. 2:24-cv-00079. John Doe 4 filed on December 13, 2023, in Case No. 2:23-cv-4103. John Doe 3 filed on December 4, 2023, in Case No. 2:23-cv-4008. John Doe 2 filed on November 27, 2023, in Case No. 2:23-cv-3927. John Doe 1 filed on November 20, 2023, in Case No. 2:23-cv-3875.

sexual advances… grooming; repeated sexual jokes, flirtations, advances or propositions;… graphic verbal commentary relating to… sexual prowess; coerced sexual activities; any unwanted physical contact; sexually suggestive or obscene comments or gestures; or displays in the workplace of sexually suggestive or obscene objects or pictures… All of these types of harassment are considered forms of sex discrimination prohibited by Title IX."

51.     As detailed in preceding paragraphs, Coach Huck's and Paige Huck's conduct, dating back to 2003, included sexual advances, grooming, flirtations, propositions, graphic sexual commentary, gestures, and photographs, all of which constitute forms of sexual harassment as defined by Title IX and BOE policy.

52.     The Administrators never reported any complaints of sexual harassment to the Title IX coordinator as required by BOE Policy. The BOE Policy Handbook also published, in relevant part:

e.     "All employees of the District who know or have reasonable cause to suspect that a child under 18 years of age or a disabled child under 21 years of age has suffered, is suffering or faces a threat of suffering any type of abuse or neglect are required to immediately report such information to the public children services agency or the local law enforcement agency… To ensure prompt reports, procedures for reporting are made known to the school staff… The Board directs the Superintendent/designee to develop a program of in-service training in child abuse prevention; violence; school safety… Training is also provided on the Board's harassment, intimidation, or bullying policy."

53.     Plaintiff trusted that BOE and the Administrators would comply with all applicable state and federal laws as well as custom, policy, and practice in their own handbook that exist to keep students safe, especially from sexual abuse, assault, and harassment.

54.     BOE, by and through its authorized officials, including the Administrators and other RVHS personnel, failed to report numerous complaints of sexual abuse and harassment to the public children services agency or the local law enforcement agency.

55.     The BOE failed to disclose Coach Huck's and Paige Huck's prior sexual abuse of a minor and failed to enforce the ban on Paige Huck's presence at RVHS campus. Such

omissions and failures rendered other students more vulnerable to the same sexual abuse suffered by the victims, including Plaintiff, of which they were aware and had prior knowledge.

56.     The BOE failed Plaintiff and other victims not named in this lawsuit in an unimaginable way. The BOE allowed a perverse, abusive, predatory, and unsafe environment to exist in RVHS for a decade or longer, despite actual knowledge, well-circulated rumors, and specific complaints and reprimands about Coach Huck's and Paige Huck's sexual misconduct.

### Plaintiff's Discovery of Facts Giving Rise to This Complaint

57.     Pursuant to *Snyder-Hill v. Ohio State Univ.*, a Plaintiff's claim accrues when they knew or had reason to know that Defendant was deliberately indifferent to sexual harassment, of which the Defendant had actual knowledge. The statute of limitations is tolled until the Plaintiff knows or has reason to know that Defendants with authority to take corrective action knew of the prohibited conduct and failed to respond appropriately.

58.     Plaintiff did not know, nor have reason to know, that Defendant BOE and its Administrators (*i.e.* those with authority to take corrective action), had actual knowledge of the Hucks' abuse of other student-victims until John Doe 1 filed his Complaint with this Court on November 20, 2023. (*See John Doe 1 v. Gallia County Local School District BOE,* 2:23-cv-03875). With the Complaint filed by John Doe 1, Plaintiff learned about the abuse of students by the Hucks in 2003-2004, and about the reports of that abuse to school officials with the authority to take corrective action, namely the reports to Defendants Jacobs and Moore. Reports of abuse by Paige Huck and Coach Huck were made by three cheerleaders. Further, Plaintiff did not know, or have reason to know, that Defendant BOE and its Administrators (*i.e.* those with authority to take corrective action), had actual knowledge of the Hucks' abuse of other students-victims dating back to 2001 until John Doe 4 filed his Complaint with this Court on December 13, 2023. (*See John Doe 4 v. Gallia County Local School District BOE,* 2:23-cv-4103). For this reason, Plaintiff's claims are timely.

59.     Defendants herein engaged in acts and omissions that fraudulently concealed from Plaintiff the fact that the BOE and Administrators had received reports about abuse of prior students by Paige Huck and Coach Huck. Despite any due diligence taken by Plaintiff, she could not have discovered these facts earlier, as Defendants ensured these prior reports of abuse were never made a public record through educator employment files, police reports, or children's services reports. Accordingly, Plaintiff's statute of limitations was tolled until his discovery of the facts forming the basis for this Complaint.

### Plaintiff's Damages

60.     As a result of the events alleged herein, Plaintiff was denied an equal educational opportunity and freedom from sexual and physical abuse due to the hostile environment created by the Defendants. The sexual abuse and harassment alleged herein was so severe, persistent, and pervasive that it unreasonably interfered with Plaintiff's ability to participate and benefit fully from the educational and extracurricular program at RVHS.

61.     Plaintiff was traumatized by the abuse. Plaintiff has suffered and continues to suffer from humiliation, guilt, embarrassment, and anger as a result of the lasting damage caused by the events alleged herein. Such trauma will affect her emotionally and psychologically for the rest of her life.

### CLAIMS FOR RELIEF

### Count I – Violation of Bodily Integrity Under the Fourth and Fourteenth Amendments to the U.S. Constitution, *via* 42 U.S.C. §1983
### (All Defendants)

62.     Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth herein.

63.     At all times relevant herein Plaintiff had a right to bodily integrity which is protected by the Fourth and Fourteenth Amendments to the United States Constitution. Such rights were violated by the actions of all Defendants.

64.     Defendants are state actors and were acting under color of state law.

65.     The Defendant BOE, by and through its authorized officials, including, but not limited to its superintendent, principal(s), teacher(s), and coach(s), failed to adhere to its official district policies. Specifically, there was a failure to conduct a prompt and equitable investigation and resolution of reports made of sexual abuse, harassment, and grooming, dating back to 2003.

66.     Further, there was a failure of Defendants to report known or suspected sexual abuse, harassment, and grooming to the public children services agency or the local law enforcement agency, dating back to 2003.

67.     The sexual harassment, abuse, and grooming committed by Coach Huck and Paige Huck occurred, in part, on the RVHS campus. Furthermore, Defendant BOE, by and through its authorized officials, was made aware of the alleged sexual abuse by the Hucks, including by numerous complaints.

68.     The BOE's failure to adhere to its own policy constituted an omission that manifests deliberate indifference to the rights of students, including Plaintiff, as well as other minor students as detailed in this complaint. The BOE's omission of these district policies, in part, proximately caused the deprivation of and infringement upon Plaintiff's constitutional rights.

69.     The Defendant BOE had an affirmative duty to protect its students from harm when there existed a state-created danger; a violation of this duty under these circumstances is actionable under 42 U.S.C. §1983.

70.     Defendants, including Administrators with authority to take corrective action after learning of the abuse and assault allegations, took no action to investigate or report the complaints made by the Athletic Director, bus driver, or the cheerleaders, thus preventing the reports or complaints from ever becoming public record.

71. The cheerleaders' report to Principal Jacobs first became a public record, through the Complaint filed in the case *John Doe 1 v. Gallia County Local Schools BOE,* 2:23-cv-03875 on November 20, 2023, which Plaintiff heard about and reviewed. The additional reports of inappropriate behavior set forth herein, dating back to 2001, were first revealed publicly and to Plaintiff in the Complaint filed by John Doe 4 on December 13, 2023, which Plaintiff heard about and reviewed.

72. The harm Plaintiff suffered as a result of the sexual abuse and harassment by Coach Huck and Paige Huck was both known and foreseeable, as Defendants were aware of prior reports and had prior knowledge that both Coach Huck and Paige Huck had previously engaged in inappropriate sexual behavior with minor students. Plaintiff's harm was direct in that Coach Huck sexually abused Plaintiff in the same manner, with the awareness and involvement of Paige Huck.

73. The Defendants' knowledge of the potential danger to RVHS students and the failure to put measures in place to prevent such harm shocks the conscience as they were aware of such conduct and yet it was allowed to continue. It is beyond the bounds of basic humanity to continually put minor students in a position in which they were aware that sexual abuse could and did occur – and do nothing to stop it.

74. As a minor student and cheerleader when the abuse occurred, Plaintiff was patently subject to and vulnerable to the potential harm brought about by the Defendant BOE's failure to prevent the Hucks' presence on RVHS campus given their knowledge of their history of sexual abuse and inappropriate behavior. Such deliberate indifference and a failure to prevent the Hucks' presence on RVHS campus rendered Plaintiff more vulnerable to the danger of sexual abuse.

75. As a proximate result of Defendants' deliberate indifference to school policy as detailed above, Plaintiff suffered a violation of her constitutionally-protected rights. In turn, the

omission by the Defendant BOE proximately caused Plaintiff significant emotional and psychological trauma, which is actionable under 42 U.S.C. §1983.

76.     Additionally, the Defendant BOE condoned and ratified the above-alleged violations through its deliberate indifference to its own policy, and through the involvement of its employee, Coach Huck, which proximately caused Plaintiff's emotional and psychological injuries.

77.     As a result of the deprivation of Plaintiff's constitutional rights, Plaintiff suffered and continues to suffer severe emotional distress and trauma.

78.     As a result of the deprivation of Plaintiff's constitutional rights and resulting emotional and psychological trauma, Plaintiff is seeking special damages in an amount to be proven at trial.

79.     Pursuant to 42 U.S.C. §1988, Plaintiff is entitled to recover all reasonable attorney's fees and costs expended in this action.

## Count II - Violation of Title IX of the Educational Amendments
### (Defendant BOE)

80.     Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth herein.

81.     Title IX of the Education Amendments of 1972, 20 U.S.C. §1681(a)("Title IX"), states that, "no person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…"

82. Title IX is effectuated through the 34 Code of Federal Regulations, Part 106. 34 C.F.R.

§ 106.4(a) provides:

> Every application for Federal financial assistance shall as condition of its approval contain or be accompanied by an assurance from the applicant or recipient, satisfactory to the Assistant Secretary, that the education program or

activity operated by the applicant or recipient and to which this part applies will be operated in compliance with this part.

83.     At all relevant times, the Defendant BOE received federal financial assistance and, based on 34 C.F.R. § 106.4(a), was therefore subject to and required to comply with Title IX.

84.     Sexual harassment is unwelcome conduct of a sexual nature. It includes unwelcome sexual advances, requests for sexual favors, and other verbal, nonverbal, or physical conduct of a sexual nature.

85.     The sexual abuse and harassment of Plaintiff by Coach Huck and Paige Huck, which included sexual activities, sexual advances, sexual imposition, inappropriate touching, and sexual propositions, meets the definition of sexual harassment under Title IX, as well as under the BOE's policy.

86.     Paige Huck's deliberate indifference to, and/or grooming of Plaintiff for the sexual exploitation by her then-husband, Coach Huck meets the definition of sexual harassment under Title IX, as well as under Defendant BOE's policy.

87.     The sexual abuse, harassment, and grooming suffered by Plaintiff created a hostile environment in which Plaintiff did not feel safe in school or at school-related events, which constitutes sexual discrimination in violation of Title IX.

88.     The Administrators and the BOE were required to investigate, report, and properly address complaints against Coach Huck and Paige Huck per Title IX and BOE policy.

89.     All Defendants failed to report allegations of abuse to the Title IX coordinator and as such, none of the policies in place to investigate, determine disciplinary measures, and protective measures for the victim were ever utilized, which constitutes a failure to comply with both Title IX and BOE policy, and is therefore a violation of Title IX.

90.     Defendant BOE had actual and constructive knowledge of significant concerns about the Hucks' inappropriate conduct with RVHS students based on prior reports of abuse.

91.     The Administrators, and through its agency, Defendant BOE, had actual knowledge of the allegations of sexual abuse, harassment, and grooming by Coach Huck and Paige Huck, based on multiple prior complaints.

92.     Upon information and belief, following the reports and complaints alleging sexual abuse to RVHS personnel, neither Coach Huck nor Paige Huck were interviewed or questioned by administrators about these allegations.

93.     Defendants, including Administrators with authority to take corrective action after learning of the abuse and assault allegations, took no action to investigate or report complaints made by the Athletic Director, bus driver, or cheerleaders, thus preventing the reports or complaints from ever becoming a public record.

94.     The cheerleaders' report to Principal Jacobs first became a public record, through the Complaint filed in the case *John Doe 1 v. Gallia County Local Schools BOE,* 2:23-cv-03875 on November 20, 2023, which Plaintiff heard about and reviewed.  The additional reports of inappropriate behavior set forth herein, dating back to 2001, were first revealed publicly and to Plaintiff in the Complaint filed by John Doe 4 on December 13, 2023, which Plaintiff heard about and reviewed.

95.     Defendants BOE and the Administrators, by their acts and omissions, acted with deliberate indifference by so deficiently responding to allegations of sexual harassment in a manner that was "clearly unreasonable in light of the known circumstances."

96.     The conduct suffered by Plaintiff at the hands of Defendants was so severe, pervasive, and objectively offensive that it effectively denied her equal access to educational programming.

97.     The sexual abuse, harassment, and grooming suffered by Plaintiff created a hostile environment that was so severe, pervasive, and objectively offensive that it denied her equal access to the benefits and opportunities of her educational programming, including, but not limited to safe participation in athletics and activities unmarred by abuse and harassment.

98.     As a direct and proximate result of Defendants' collective violations of Plaintiff's Title IX rights, Plaintiff has suffered and continues to suffer immense emotional, psychological, and mental trauma, embarrassment, depression, guilt, and shame. As a result, Plaintiff has also sustained injuries and damages, including, but not limited to, economic loss; educational loss; medical and pharmaceutical costs; lost and/or diminished wages, damage to her good name; and loss of the ordinary pleasures of everyday life.

99.     Plaintiff is entitled to damages for the emotional and psychological harm detailed in the preceding paragraphs, including attorney fees.

### Count III – Violation of Title IX – Heightened Risk of Sexual Harassment
**(Defendant BOE)**

100.     Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth herein.

101.     This action is brought pursuant to Title IX of the Educational Amendments of 1972, 20 U.S.C. §1681, et seq.

102.     In *Doe v. Metro. Gov't & Davidson Cty.*, 35 F.4th 459 (6th Cir. 2022), the Court of Appeals for the Sixth Circuit adopted the Ninth Circuit test for Title IX pre-assault claims, which provides: "A student must show: 1) the school maintained a policy of deliberate indifference to reports of sexual misconduct, 2) which created a heightened risk of sexual harassment that was known or obvious, 3) in a context subject to the school's control and 4) as a result the plaintiff suffered harassment that was 'so severe, pervasive and objectively offensive that it can be said to have deprived the plaintiff of access to the educational opportunities or

benefits provided by the school.'" *Id.* at 465 (*citing Karasek v. Regents of the Univ. of Cal.*, 956 F.3d 1093, 1112 (9th Cir. 2020)).

103. The Court further held that, when alleging post-assault claims, K-12 students need not prove that further harassment must be inflicted against the same victim. Instead, the *Doe* Court held that the "same victim" requirement from *Kollaritsch*–which involved a university–did not apply in the K-12 context because K-12 schools have more authority and control over students than at the university level. *Id.* at 468.

104. Here, Plaintiff was subjected to sex-based abuse and harassment committed by Coach Huck and Paige Huck.

105. The Administrators, and through its agency, Defendant BOE, had actual knowledge of the allegations of sexual abuse, harassment, and grooming by Coach Huck and Paige Huck of other students, based on numerous prior complaints.

106. Defendants, including the BOE and Administrators, demonstrated a policy of deliberate indifference to multiple reports of sex harassment perpetrated by Coach Huck and Paige Huck as outlined previously in this complaint, failing to timely investigate and respond to the harassment of several prior students, and failing to adequately train and supervise their staff with respect to the handling of Title IX complaints.

107. Defendants' policy of deliberate indifference created a heightened risk of sexual harassment to Plaintiff that was known or obvious.

108. Defendants' policy of deliberate indifference caused Plaintiff to experience sexual harassment and assault.

109. Defendants, including Administrators with authority to take corrective action after learning of the abuse and assault allegations, took no action to investigate or report the complaints made by the Athletic Director, bus driver, or cheerleaders thus preventing the reports or complaints from ever becoming a public record.

110.     The cheerleaders' report to Principal Jacobs first became a public record, through the Complaint filed in the case *John Doe 1 v. Gallia County Local Schools BOE,* 2:23-cv-03875 on November 20, 2023, which Plaintiff heard about and reviewed.  The additional reports of inappropriate behavior set forth herein, dating back to 2001, were first revealed publicly and to Plaintiff in the Complaint filed by John Doe 4 on December 13, 2023, which Plaintiff heard about and reviewed.

111.     Plaintiff suffered harassment that was so severe, pervasive and objectively offensive that it can be said to have deprived the Plaintiff of access to the educational opportunities or benefits provided by the school.

112.     As a direct and proximate result of the Defendants' wrongful acts and omissions, Plaintiff has sustained injuries and damages, including, but not limited to, economic loss; educational loss; medical and pharmaceutical costs; mental and emotional distress, including anxiety, mental anguish, humiliation, embarrassment; damage to her good name; and loss of the ordinary pleasures of everyday life.

### Count IV – Violation of the Standard in *Monell v. Dept. of Social Services* via 42 U.S.C. Section 1983
#### (Defendant BOE)

113.     Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth herein.

114.     The actions of the Defendant BOE, in failing to properly supervise and train its officials, coaches and administrators in proper methods of recognizing, responding to and preventing harassment and retaliation, and in permitting ongoing harassment and failing to supervise Coach Huck and Paige Huck, constitute a violation of the BOE's obligations to maintain lawful policies and procedures pursuant to *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).

115.     Reasonable persons in the Defendant's position would have concluded that maintaining such policies, practices and procedures that allowed and/or perpetuated the harassment of students by its employees was unconstitutional.

116.     Defendants, including Administrators with authority to take corrective action after learning of the abuse and assault allegations, took no action to investigate or report the complaints made by the Athletic Director, bus driver, or cheerleaders, thus preventing the reports or complaints from ever becoming a public record.

117.     The cheerleaders' report to Principal Jacobs first became a public record, through the Complaint filed in the case *John Doe 1 v. Gallia County Local Schools BOE,* 2:23-cv-03875 on November 20, 2023, which Plaintiff heard about and reviewed.  The additional reports of inappropriate behavior set forth herein, dating back to 2001, were first revealed publicly and to Plaintiff in the Complaint filed by John Doe 4 on December 13, 2023, which Plaintiff heard about and reviewed.

118.     As a direct result of the actions and conduct of Defendant BOE, Plaintiff suffered and continues to suffer extreme emotional pain and suffering, lost wages, medical and prescription costs, a loss of educational opportunities and a loss of meaningful associations.

## <u>Count V – Childhood Sexual Assault and Battery Under Ohio Rev. Code §2305.111</u>
### (Paige Huck and Coach Huck)

119.     Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth herein.

120.     At all times relevant herein, Coach Huck was employed by Defendant BOE as a teacher and wrestling coach, Paige Huck was then the spouse of Coach Huck, and Plaintiff was a minor child enrolled at RVHS and cheerleader under the control of Paige Huck.

121.     Paige Huck and Coach Huck groomed Plaintiff for sexual exploitation and later sexual abuse while Plaintiff was enrolled at RVHS and a member of the cheerleading squad.

122.    Coach Huck engaged in sexual conduct with Plaintiff by coercing er in a manner that prevented resistance by a person in Plaintiff's position as a minor, subject to his control and that of Paige Huck, his wife.

123.    Coach Huck intentionally engaged in sexual contact with Plaintiff, a minor, when she had temporary disciplinary control over Plaintiff, in violation of Ohio Rev. Code §2907.03(A)(1) and (9) (Sexual Battery).

124.    Coach Huck had intentional sexual contact with Plaintiff, a minor, knowing that it was reckless, in violation of Ohio Rev. Code §2907.06(A)(1)(Sexual Imposition).

125.    Paige Huck solicited, enabled, encouraged, and endorsed the sexual contact by Coach Huck toward Plaintiff, thereby abusing her position of authority over Plaintiff, in violation of Ohio Rev. Code §2907.06 (Sexual Imposition).

126.    The actions of Coach Huck and Paige Huck constituted child sexual abuse as Plaintiff was under 18 years old at the time of the abuse, which is actionable under Ohio Rev. Code §2305.111.

127.    All of Plaintiff's claims alleged herein are connected to and stem from childhood sexual abuse as defined by Ohio Rev. Code §2305.111 and are therefore properly asserted in this complaint.

128.    Defendants herein engaged in acts and omissions that fraudulently concealed from Plaintiff the fact that the BOE and Administrators had received numerous reports about abuse of prior students by Coach Huck and Paige Huck. Despite any due diligence taken by Plaintiff, she could not have discovered these facts earlier, as Defendant's ensured these prior reports of abuse were never made a public record through educator employment files, police reports, or children's services reports.

129.    The cheerleaders' report to Principal Jacobs first became a public record, through the Complaint filed in the case *John Doe 1 v. Gallia County Local Schools BOE,* 2:23-cv-03875

on November 20, 2023, which Plaintiff heard about and reviewed. The additional reports of inappropriate behavior set forth herein, dating back to 2001, were first revealed publicly and to Plaintiff in the Complaint filed by John Doe 4 on December 13, 2023, which Plaintiff heard about and reviewed.

130. Accordingly, Plaintiff's statute of limitations was tolled until her discovery of facts forming the basis for this Complaint, and this Compliant is timely filed pursuant to Ohio Rev. Code 2305.111(C)(1).

## Count VI – Damages for Criminal Act under Ohio Rev. Code §2307.60
### (Paige Huck, Coach Huck, the Administrators)

131. Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth herein.

132. Plaintiff has a cause of action under Ohio law for damages stemming from Defendants' criminal acts.

133. Coach Huck committed sexual battery and sexual imposition of Plaintiff, and other criminal acts. Sexual battery and sexual imposition are crimes under Ohio law, pursuant to Ohio Rev. Code §§2907.03 and 2907.06, respectively.

134. Paige Huck committed sexual imposition of Plaintiff, and other criminal acts. Sexual imposition is a crime under Ohio law, pursuant to Ohio Rev. Code §2907.06.

135. Paige Huck and Coach Huck each engaged in conduct that constituted child sexual abuse as Plaintiff was under 18 years old at the time of the abuse, which is actionable under Ohio Rev. Code §2305.111.

136. Coach Huck and the Administrators also committed criminal acts under Ohio Rev. Code §2151.421, by failing to report alleged child abuse upon receiving information alleging abuse, beginning as early as 2004.

137.     Defendants herein engaged in acts and omissions that fraudulently concealed from Plaintiff the fact that the BOE and Administrators had received numerous reports about abuse of prior students by Coach Huck and Paige Huck. Despite any due diligence taken by Plaintiff, she could not have discovered these facts earlier, as Defendants ensured these prior reports of abuse were never made a public record through educator employment files, police reports, or children's services reports.

138.     The cheerleaders' report to Principal Jacobs first became a public record, through the Complaint filed in the case *John Doe 1 v. Gallia County Local Schools BOE,* 2:23-cv-03875 on November 20, 2023, which Plaintiff heard about and reviewed.  The additional reports of inappropriate behavior set forth herein, dating back to 2001, were first revealed publicly and to Plaintiff in the Complaint filed by John Doe 4 on December 13, 2023, which Plaintiff heard about and reviewed.

139.     Accordingly, Plaintiff's statute of limitations was tolled until discovery of the facts forming the basis for this Complaint, and this Complaint is timely filed pursuant to Ohio Rev. Code 2305.111(C)(1).

140.     As a direct and proximate result of the commission of these criminal acts, Plaintiff suffered significant injuries and damages.

141.     Plaintiff seeks, and Ohio Rev. Code §2307.60 authorizes, full damages in a civil action including but not limited to the costs of maintaining the action, attorney fees, and punitive damages.

### Count VII – Negligent, Reckless and Intentional Misconduct
### (All Defendants)

142.     Plaintiff incorporates his previous allegations as if fully rewritten herein.

143.     Coach Huck and Paige Huck, sexually groomed and, thereafter sexually abused Plaintiff, a minor in violation of Ohio Rev. Code §2907.03(A)(7).

144. Defendants recklessly and intentionally disregarded complaints about the Hucks' behavior and actions toward numerous other students.

145. Defendants had independent duties to report any abuse allegations or suspicious conduct of the Hucks, pursuant to Ohio Rev. Code §2151.421 and other Ohio law.

146. Defendants recklessly and intentionally breached their respective duties to report such sexual abuse of a student pursuant to Ohio Rev. Code §2151.421.

147. Defendants joint and several actions constitute negligence per se and, therefore, are exempt from application of Ohio Rev. Code §2744, et seq., pursuant to Ohio Rev. Code §2744.02(B)(5).

148. Defendants, through their agents and employees, recklessly and intentionally failed to report said sexual abuse of several students by the Hucks, despite actual and/or constructive knowledge of the abuse.

149. Defendants recklessly and intentionally failed to properly investigate complaints relating to the Hucks' abuse of students.

150. Defendants acted in bad faith, and/or in a wanton or reckless manner with respect to complaints about the Hucks' abuse of students.

151. Defendants herein engaged in acts and omissions that fraudulently concealed from Plaintiff the fact that the BOE and Administrators had received numerous reports about abuse of prior students by Coach Huck and Paige Huck. Despite any due diligence taken by Plaintiff, she could not have discovered these facts earlier, as Defendants ensured these prior reports of abuse were never made a public record through educator employment files, police reports, or children's services reports.

152. The cheerleaders' report to Principal Jacobs first became a public record, through the Complaint filed in the case *John Doe 1 v. Gallia County Local Schools BOE,* 2:23-cv-03875 on November 20, 2023, which Plaintiff heard about and reviewed. The additional reports of

inappropriate behavior set forth herein, dating back to 2001, were first revealed publicly and to Plaintiff in the Complaint filed by John Doe 4 on December 13, 2023, which Plaintiff heard about and reviewed.

153.     Accordingly, Plaintiff's statute of limitations was tolled until discovery of the facts forming the basis for this Complaint, and this Complaint is timely filed pursuant to Ohio Rev. Code 2305.111(C)(1).

154.     Plaintiff's injuries and damages were a direct and proximate result of Defendants' respective negligence, wanton misconduct, and recklessness.

155.     As a direct and proximate result of the conduct, actions, failures to act, and inactions of the Defendants as described herein, Plaintiff sustained severe and permanent injuries, as set forth herein.

## Count VIII – Intentional Infliction of Emotional Distress
### (All Defendants)

156.     Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth herein.

157.     Defendants knew that repeated sexual abuse, harassment, and grooming of Plaintiff would be reasonably likely to cause severe emotional distress.

158.     Defendants reasonably knew that permitting Coach Huck and Paige Huck to enter campus and engage with RVHS students would place such students in potentially abusive situations that would reasonably cause severe emotional distress.

159.     Paige Huck knew that facilitating overnight stays with her then-husband would place such students in potentially abusive situations that would reasonably cause severe emotional distress.

160.     Defendants failed to properly investigate and report following numerous prior complaints of inappropriate and sexual behavior involving Coach Huck and Paige Huck, which permitted students to be in a position that would reasonably cause severe emotional distress.

161.     The egregious and perverse conduct by Coach Huck and Paige Huck, coupled with the indifferent response of Principal Jacobs and Principal Moore, was extreme, outrageous, and beyond the bounds of human decency; such conduct should be considered intolerable in a civilized society.

162.     Defendants herein engaged in acts and omissions that fraudulently concealed from Plaintiff the fact that the BOE and Administrators had received numerous reports about abuse of prior students by Coach Huck and Paige Huck. Despite any due diligence taken by Plaintiff, she could not have discovered these facts earlier, as Defendants ensured these prior reports of abuse were never made a public record through educator employment files, police reports, or children's services reports.

163.     The cheerleaders' report to Principal Jacobs first became a public record, through the Complaint filed in the case *John Doe 1 v. Gallia County Local Schools BOE,* 2:23-cv-03875 on November 20, 2023, which Plaintiff heard about and reviewed.  The additional reports of inappropriate behavior set forth herein, dating back to 2001, were first revealed publicly and to Plaintiff in the Complaint filed by John Doe 4 on December 13, 2023, which Plaintiff heard about and reviewed.

164.     Accordingly, Plaintiff's statute of limitations was tolled until discovery of the facts forming the basis for this Complaint, and this Complaint is timely filed pursuant to Ohio Rev. Code 2305.111(C)(1).

165.     Defendants were the proximate cause of Plaintiff's mental and emotional injuries. Such injuries were of a nature that no reasonable person in Plaintiff's position should be expected to endure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.      A jury trial for all issues pursuant to Fed.R.Civ.P. 38(b);

2.      That each Defendant be required to answer within the time prescribed by law;

3.      A declaration that the acts and conduct of all Defendants constitute violations of Plaintiff's constitutional, statutory, and common-law rights;

4.      An award to Plaintiff against all Defendants, jointly and severally, and an appropriate amount of compensatory and punitive damages;

5.      Equitable relief forcing Defendants to enact and follow policies to protect students in attendance from sexual abuse;

6.      An award to Plaintiff against all Defendants, jointly and severally, reimbursement for appropriate court costs and reasonable attorney fees;

7.      An award to Plaintiff for any other relief the court deems appropriate.

Respectfully submitted,

*s/ Mark A. Weiker*

Mark. A. Weiker (0086413)
Jessica N. Moore (0101098)
ABDNOUR WEIKER, L.L.P.
262 S. Third Street
Columbus, Ohio 43215
Tel: 614/745.2001
Fax: 614/417.5081
Email: mark@education-rights.com
         jessica@education-rights.com

*s/ Craig S. Tuttle*

Craig S. Tuttle (0086521)
John A. Markus (0093736)
LEESEBERG TUTTLE, L.P.A.
175 S. Third Street, Penthouse One
Columbus, Ohio 43215
Tel: 614/221.2223
Fax: 614/221.3106
Email: ctuttle@leeseberglaw.com
         jmarkus@leeseberglaw.com
*Trial Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

*s/ Mark A. Weiker*

Mark. A. Weiker (0086413)